**SPIVAK LIPTON** LLP

ATTORNEYS AT LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__5/29/2020__

May 28, 2020

**VIA ECF**

Honorable Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Plaintiff's request for a conference is GRANTED. The parties are directed to appear for a telephone conference on June 9, 2020 at 4:00 p.m. The parties shall call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745. Defendant shall file its response to Plaintiffs' Letter Motion no later than June 2, 2020 and Plaintiffs shall file any reply by June 3, 2020. SO ORDERED. Dated: May 29, 2020

*[signature]*

**Re:**    ***Viera, et al. v. The City of New York*; 19-CV-05773 (GHW)(SDA)**

Dear Judge Aaron:

I represent the Plaintiffs in the above-referenced matter and write pursuant to Section II(B) of Your Honor's Individual Rules and Local Rule 37.2 to request a pre-motion conference regarding the Defendant City of New York's failure to comply with the Fed.R.Civ.P. 30(b)(6) Deposition Notice annexed hereto as Exhibit 1 ("Notice"). The parties have met and conferred in good faith and are available for a telephonic conference on June 8th or 9th, or another date at the Court's convenience. All discovery in this matter is set to close on June 19, 2020.[1]

**Background**

Plaintiffs sent their Notice of Deposition Pursuant to Rule 30(b)(6) as to FLSA Training on December 6, 2019.

Subjects (a), (b) and (c) of Plaintiffs' notice requests that the City produce a witness to testify as to the following:

  a) The training, if any, provided by defendant to the plaintiffs, the plaintiffs' supervisors and/or the plaintiffs' managers regarding the Fair Labor Standards Act (FLSA);
  b) The training, if any, provided by the defendant to the plaintiffs, the plaintiffs' supervisors and/or the plaintiffs' managers as to the legal meaning of the term "compensable work";
  c) The training, if any, provided by the defendant to the plaintiffs, the plaintiffs' supervisors and/or the plaintiffs' managers as to the legal meaning of the term "overtime;"

Exhibit 1. The City sent Plaintiffs its objection to the Notice more than one month later, on January 10, 2020. The Defendant expressed that it would not produce a witness pursuant to these topics on the grounds that each are "vague and ambiguous," and that they are not relevant because there is no legal requirement for employers to provide training on these subjects to their employees. On January 15, 2020, Plaintiffs sent a response to Defendant's January 10th letter setting forth its objections providing further justification for the topics and also agreeing to a modification of one of the sub-topics (specifically, subtopic (b)) to address one of Defendant's concerns. It was not until February 12, 2020, that the City notified Plaintiffs that it would not produce a witness as to subjects (a) through (c) of the Notice.

On February 26, 2020, Plaintiffs notified Defendant that the lack of training to employees on these subjects, particularly where the employer uses legal terms in its timekeeping system that its employees use, go directly toward whether an employer willfully violated plaintiffs' rights under the FLSA and whether it did so without good faith. Plaintiffs have alleged that the City acted recklessly and/or willfully thus entitling the plaintiffs to a three-year recovery period pursuant to 29 U.S.C. § 255(a), and that the City will be unable to carry its difficult burden of proving its actions were made in subjective good faith and with objective reasonableness, and thus entitling plaintiffs to liquidated damages equal to the plaintiffs' backpay. 29 U.S.C. § 216(b). *See*, Second Amended Complaint, Dkt. 37.

---

[1] In light of the COVID-19 pandemic, the parties are completing discovery using remote technology including video depositions.

Plaintiffs further expressed that the purported grounds on which the City is withholding a deponent are insufficient to deny Plaintiffs the opportunity to elicit binding testimony from the City on these topics that are clearly relevant to Plaintiffs' claims. *See, Rubie's Costume Co. v. Kangaroo Mfg*., 2018 U.S. Dist. LEXIS 161966, at *12 (E.D.N.Y. Sep. 21, 2018) (To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available "such number of persons as will" be able "to give complete, knowledgeable and binding answers" on its behalf.) (quoting Securities & Exchange Comm'n v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y.1992)).

Notably, in a very similar case[2] involving Motor Vehicle Operators who work for New York City's Department of Correction and are also represented by the undersigned, Judge Lorna G. Schofield recently addressed an identical discovery dispute and resolved it in plaintiffs' favor. Judge Schofield held that "Defendant's designated 30(b)(6) witness on FLSA Training shall testify as to topics (d) and (e)[3] of Plaintiffs' Notice of Deposition Pursuant to Rule 30(b)(6)," and that "[t]hese topics encompass topics (a), (b) and (c) of the December 9 Notice, and Defendant shall accordingly prepare the 30(b)(6) witness." 19-cv-06702-LGS, Dkt. 62.

In an attempt to resolve this discovery dispute, and given the evidence produced in similar cases involving the City of New York and the CityTime timekeeping system, Plaintiffs proposed that the parties enter into a stipulation that the City does not provide to Plaintiffs or Plaintiffs' supervisors any training contemplated within topics (a) through (c) of the Notice. Defendant expressed that it was unwilling to enter into a stipulation and maintained its position that it would not produce a witness pursuant to the Notice on topics (a) through (c).

The parties conferred regarding the dispute via email on February 26, May 18, and May 27, 2020. Additionally, the undersigned and Laura Williams, counsel for Defendant, held a meet and confer by telephone on May 28, 2020, for approximately 10 minutes, to further discuss the dispute. Plaintiffs' counsel specifically questioned why the City had not changed its position in light of Judge Schofield's recent ruling in the *Nell* case on the exact same dispute, and in which case the City will now produce a witness who will respond to questions regarding the topics described in (a) through (c). In response, the City advised that it would like to have a different Judge weigh in on the issue. As a result, the undersigned informed Ms. Williams during the conference that the parties had reached an impasse and that Plaintiffs would be requesting a conference with the Court.

## Authority

Rule 26 of the Federal Rules of Civil Procedure defines the scope of discovery to consist of information that is relevant to the parties' "claims and defenses." The discretionary authority to allow discovery of "any matter relevant to the subject matter involved in the action" has been eliminated. Additionally, Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant "to any party's claim or defense," also "proportional to the needs of the case." Fed.R.Civ.P. 26(b); *Brown v. Vitucci*, No. 14-CV-5034 (DRH)(AYS), 2018 U.S. Dist. LEXIS 84841, at *19 (E.D.N.Y. May 21, 2018).

Relevance must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The burden of demonstrating relevance is on the party seeking discovery, but Rule 26 "does not place on the party seeking discovery the burden of addressing all proportionality considerations." *Id*. In general, the party resisting discovery has the burden of showing undue burden or expense. Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment; *see also Fireman's Fund Insurance Co. v. Great American Insurance Co. of New York*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012) ("Once relevance has been shown, it is up to the responding party to justify curtailing discovery." (quoting *Trilegiant Corp. v. Sitel Corp*., 275 F.R.D. 428, 431 (S.D.N.Y. 2011))). "If the evidence sought is relevant, 'the burden is upon the party seeking non-disclosure or a protective order to show good cause'" by "demonstrating a particular need for protection." *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 8 (S.D.N.Y. 2015) (internal citations omitted).

As explained above, whether any FLSA training took place is directly relevant to Plaintiffs' claim that the

---

[2] *Nell v. City of New York*, 19-cv-06702-LGS (S.D.N.Y.) ("*Nell*").

[3] As set forth in the Plaintiffs' Deposition Notice, subtopics (d) and (e) are as follows: (d) The training, if any, provided by defendant to the plaintiffs, regarding time sheets and/or clocking in and out of CityTime; and (e) The training, if any, provided by defendant to the plaintiffs, regarding requesting compensation for overtime and/or the submission of overtime requests.

City willfully violated Plaintiffs' rights under the FLSA, and that it did so without good faith, thus entitling Plaintiffs to a three-year statute of limitations and liquidated damages, respectively. 29 U.S.C. § 255(a); 29 U.S.C. § 216(b). In similar cases involving employees who have FLSA claims against the City for unpaid overtime, the City has argued that it is insulated from liability because a "certification"[4] appears at the bottom of the electronic timesheets plaintiffs must submit every week, and that to the extent that plaintiffs did not report any alleged worked performed before, during or after their shift as compensable work via defendant's timekeeping system, there can be no FLSA liability. Plaintiffs dispute this in that the defendant had actual or constructive knowledge of plaintiffs' work, including plaintiffs' supervisors' actual knowledge. *See Holzapfel v. Town of Newburgh*, 145 F.3d 516, 524 (2d Cir. 1998) ("an employer cannot suffer or permit an employee to perform services about which the employer knows nothing").

The "certification" on plaintiffs' timesheets contains the acronym "FLSA" but does not explain the meaning of this acronym, or even what words it stands for. Therefore, it is relevant and necessary for plaintiffs to explore through discovery as to whether the City has ever trained or provided instructions to the plaintiffs and their supervisors on what language means as well as what constitutes compensable work and overtime under the FLSA. Because the Defendant is relying on the "if you would have just asked to be paid, we would have paid you" defense, it is directly relevant as to whether Plaintiffs or their Supervisors even knew that the work performed outside of their regularly scheduled shifts or pre-approved overtime shifts is legally compensable. If the City knew that such work was occurring but did not instruct Plaintiffs that the work was compensable, then the City willfully deprived Plaintiffs of their FLSA rights without good faith.

Finally, Defendant has made no showing that producing a witness pursuant to Plaintiffs' Notice is not proportional to the needs of the case. The City has already designated a witness to testify as to topics (d) and (e) of the Notice, therefore, the additional time to cover the related subtopics is minimal.[5]

Thank you for your consideration of this matter.

Respectfully Submitted,

/s/ Hope Pordy

Hope Pordy

cc:     All Counsel of Record (via ECF)

---

[4] I hereby certify the following:

The time shown correctly represents my attendance and activities for the week indicated. If I am an employee eligible to earn overtime compensation under the FLSA and/or a collective bargaining agreement, I also certify that I have requested compensation for any time that I worked in excess of my scheduled hours and that any time outside my scheduled hours, i.e. when I may have logged in/out earlier/later than my scheduled time, for which I have not requested compensation, was not time worked.

[5] In light of the COVID-19 pandemic, the parties have been conducting remote depositions via video conference and will complete all discovery using remote technology.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

CHRISTOPHER VIERA, et al., )
)
        Plaintiffs, )
)
v. )
) Case No. 1:19-cv-05773-GHW-SDA
THE CITY OF NEW YORK, )
) (Jury Trial Demanded)
        Defendant. )
)
_____ )

## PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION AS TO FLSA TRAINING

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs notice the depositions of the matters set forth below. In the descriptions set forth below, the terms "and" and "or" each shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the matters described herein so as to request any information that might otherwise be construed to be outside its scope. The term "CityTime" shall be construed as encompassing all uses and spellings of the phrase "CityTime" as used for defendant's timekeeping systems including but not limited to CitiTime, City Time, or Citytime. The terms "plaintiff" and "plaintiffs" means each individual who has been identified as a plaintiff in this action.

Plaintiffs request that defendant produce individuals who can testify on its behalf with regard to the following matters:

    a.  The training, if any, provided by defendant to the plaintiffs, the plaintiffs' supervisors and/or the plaintiffs' managers regarding the Fair Labor Standards Act (FLSA);

    b.  The training, if any, provided by the defendant to the plaintiffs, the plaintiffs' supervisors and/or the plaintiffs' managers as to the legal meaning of the term "compensable work";

c.  The training, if any, provided by the defendant to the plaintiffs, the plaintiffs' supervisors and/or the plaintiffs' managers as to the legal meaning of the term "overtime;"

d.  The training, if any, provided by defendant to the plaintiffs, regarding time sheets and/or clocking in and out of CityTime; and

e.  The training, if any, provided by defendant to the plaintiffs, regarding requesting compensation for overtime and/or the submission of overtime requests.

The depositions taken pursuant to Rule 30(b)(6) as to FLSA training will take place on January 31, 2020 commencing at 10:00 AM, at the law offices of Spivak Lipton LLP at 1700 Broadway, Suite 2100, New York, New York and will continue day-to-day until completed.  The depositions will be recorded by video as well as stenographically by a court reporter.

December 6, 2019                     Respectfully Submitted,

*/s/ Gregory K. McGillivary*
Gregory K. McGillivary
Hillary D. LeBeau
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., NW
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
gkm@mselaborlaw.com
hdl@mselaborlaw.com

*/s/ Hope Pordy*
Hope Pordy
Elizabeth Sprotzer
SPIVAK LIPTON LLP
1700 Broadway
Suite 2100
New York, N.Y 10019
Phone: (212) 765-2100
hpordy@spivaklipton.com
esprotzer@spivaklipton.com

*Attorneys for Plaintiffs*

2

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that Plaintiffs' Notice of Rule 30(b)(6) Deposition as to FLSA Training

was sent to the following individuals on December 6, 2019, via electronic and regular U.S. mail:

Laura Christine Williams
New York City Law Department (100 Church)
100 Church Street
New York, NY 10007
(212) 356-2435
Email: lawillia@law.nyc.gov

*Attorney for Defendant*

/s/ *Gregory K. McGillivary*
Gregory K. McGillivary