Index No. 19 Civ. 5773 (SDA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER VIERA, *et al.*,

Plaintiffs,

-against-

CITY OF NEW YORK,

Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorneys for Defendant*
*100 Church Street - Room 2-102*
*New York, NY 10007-2601*

*Of Counsel:  Laura C. Williams*
*Tel:  (212) 356-2435*
*Matter No. 2019-044302*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ......................................................................... 1

STATEMENT OF FACTS ................................................................................. 3

ARGUMENT ..................................................................................................... 3

POINT I

      PLAINTIFFS' OFF THE CLOCK CLAIM FAILS AS A
      MATTER OF LAW ................................................................................ 4

      A.    Defendant's Knowledge of the Performance of
          Uncompensated Work is a Prerequisite to a Finding
          of Liability for an Off the Clock Claim ......................................... 4

      B.    As a Matter of Law, an Employer does not have
          Actual or Constructive Knowledge of Time Spent
          Working that was Not Reported Pursuant to its
          Procedures ..................................................................................... 6

      C.    Plaintiffs Failed to Provide Defendant with the
          Required Notice that They Performed
          Uncompensated Work ................................................................... 12

POINT II

      PLAINTIFFS' REGULAR RATE CLAIMS FAIL
      AS A MATTER OF LAW ....................................................................... 13

POINT III

      LIQUIDATED DAMAGES ARE NOT RECOVERABLE
      BECAUSE DEFENDANT ACTED IN GOOD FAITH ..................................... 14

      A.    The City Demonstrated Subjective Good Faith ........................... 15

      B.    Defendant's Conduct Was Objectively Reasonable ................... 17

      C.    The Statute of Limitations Should be Restricted to
          Two Years ..................................................................................... 17

CONCLUSION .................................................................................................. 20

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

Affrunti v. Long Island Univ.,
   No. 04-2710-cv, 2005 U.S. App. LEXIS 12372 (2d Cir. June 22, 2005)..................................3

Allen v. City of Chicago,
   865 F.3d 936 (7th Cir. 2017) .......................................................................................8

BellSouth Telecomms., Inc., v. W.R. Grace & Co.,
   77 F. 3d 603 (2d Cir. 1996)........................................................................................3

Bickerstaff v. Vassar Coll.,
   196 F.3d 435 (2d Cir. 1998)........................................................................................3

Boelk v. AT&T Teleholdings, Inc.,
   No. 12-cv-40-bbc, 2013 U.S. Dist. LEXIS 101111 (W.D. Wis. Jan. 10, 2013).......................5

Bowrin v. Catholic Guardian Soc'y,
   417 F. Supp. 2d 449 (S.D.N.Y. 2006)...............................................................18, 19

Brown v. ScriptPro, LLC,
   700 F.3d 1222 (10th Cir. 2012) ...................................................................................7

Caserta v. Home Lines Agency, Inc.,
   273 F.2d 943 (2d Cir. 1959)........................................................................................9

Celotex Corp. v. Catrett,
   477 U.S. 317 (1986)..................................................................................................3

Cross v. Ark. Forestry Comm'n,
   938 F.2d 912 (8th Cir. 1991) .....................................................................................16

Dawson v. County of Westchester,
   373 F.3d 265 (2d Cir. 2004)........................................................................................4

DeBejian v. Atlantic Testing Lab., Ltd.,
   64 F. Supp. 2d 85 (N.D.N.Y 1999).............................................................................19

Edwards v. City of New York,
   No. 08 Civ. 3134 (DLC), 2012 U.S. Dist. LEXIS 68055
   (S.D.N.Y. May 15, 2012)..............................................................................10, 11, 12

Fairchild v. All Am. Check Cashing, Inc.,
   815 F.3d 959 (5th Cir. 2016) ................................................................................7, 11

**Cases**                                                     **Pages**

Forbes v. Lighthouse Int'l,
    No. 11 Civ. 7065, 2013 U.S. Dist. LEXIS 62454 (S.D.N.Y. May 1, 2013) .............................4

Forrester v. Roth's I.G.A. Foodliner, Inc.,
    646 F.2d 413 (9th Cir. 1981) ...............................................................................................6, 7

Green v. Federal Express Corporation,
    614 F. App'x 905 (9th Cir. 2015) ...........................................................................................11

Grosswiler v. Freudenberg-NOK Sealing Techs.,
    No. 3:14 CV 1551, 2015 U.S. Dist. LEXIS 109592
    (N.D. Ohio Aug. 19, 2015),
    aff'd, 642 F. App'x 596 (6th Cir. Mar. 2, 2016) ....................................................................6, 8

Herman v. RSR Sec. Servs. Ltd.,
    172 F.3d 132 (2d Cir. 1999) .............................................................................................14, 17

Hertz v. Woodbury County,
    566 F.3d 775 (8th Cir. 2009) .............................................................................................6, 11

Holzapfel v. Town of Newburgh,
    145 F.3d 516 (2d Cir. 1998) ..........................................................................................5, 9, 10

Inclan v. N.Y. Hosp. Grp., Inc.,
    95 F. Supp. 3d 490 (S.D.N.Y. 2015) .....................................................................................16

Joza v. WW JFK LLC,
    No. 07-cv-4153 (ENV)(JO), 2010 U.S. Dist. LEXIS 94419
    (E.D.N.Y. Sept. 9, 2010) ....................................................................................................7, 13

Kadden v. VisuaLex, LLC,
    910 F. Supp. 2d 523 (S.D.N.Y. 2012) ...................................................................................19

Kellar v. Summit Seating, Inc.,
    664 F.3d 169 (7th Cir. 2011) ...................................................................................................5

Kosakow v. New Rochelle Radiology Assocs., P.C.,
    274 F.3d 706 (2d Cir. 2001) ....................................................................................................5

Kuebel v. Black & Decker Inc.,
    643 F.3d 352 (2d Cir. 2011) ....................................................................................................4

McFeeley v. Jackson St. Entm't, LLC,
    825 F.3d 235 (4th Cir. 2016) .................................................................................................16

**Cases**                                                                    **Pages**

McLaughlin v. Richland Shoe Co.,
    486 U.S. 128 (1988) ..............................................................................18

Murray v. City of N.Y.,
    No. 16-cv-8072 (PKC), 2020 U.S. Dist. LEXIS 22783
    (S.D.N.Y. Feb. 10, 2020) .......................................................................13

Newton v. City of Henderson,
    47 F.3d 746 (5th Cir. 1995) ...........................................................6, 11, 13

Nieddu v. Lifetime Fitness, Inc.,
    38 F. Supp. 3d 849 (S.D. Tex. 2014) .......................................................8

Padilla v. Sheldon Rabin, M.D., P.C.,
    No. 15-cv-1708, 2016 U.S. Dist. LEXIS 46633 (E.D.N.Y. Apr. 6, 2016) ............................18

Parada v. Banco Indus. de Venez.,
    753 F.3d 62 (2d Cir. 2014) .....................................................................18

Perez v. Mountaire Farms,
    650 F.3d 350 (4th Cir. 2011) .................................................................16

Raczkowski v. TC Const. Co., Inc.,
    8 F.3d 29 (9th Cir. 1993) ........................................................................5

Reich v. S. New Eng. Telecomms. Corp.,
    121 F.3d 58 (2d Cir. 1997) ...............................................................14, 16

Reich v. Waldbaum, Inc.,
    52 F.3d 35 (2d Cir. 1995) ......................................................................18

Seever v. Carrols Corp.,
    528 F. Supp. 2d 159 (W.D.N.Y. 2007) ..................................................7-8

Valcho v. Dallas County Hosp. Dist.,
    574 F. Supp. 2d 618 (N.D. Tex. 2008) ....................................................8

White v. Baptist Mem'l Health Care Corp.,
    699 F.3d 869 (6th Cir. 2012) ...........................................................5, 6, 7

Williams v. Epic Sec. Corp.,
    358 F. Supp. 3d 284 (S.D.N.Y. 2019).................................................16, 17

Wood v. Mid-Am. Mgmt. Corp.,
    192 F. App'x 378 (6th Cir. Aug. 1, 2006) ...........................................7, 8

**Cases**                                                                    **Pages**

<u>Wright v. Coughlin,</u>
   132 F.3d 133 (2d Cir. 1998)............................................................................3

**Statutes**

29 C.F.R. § 785.11 ........................................................................................5

29 U.S.C. § 201, *et seq*..................................................................................1

29 U.S.C. § 207(a)(1) .....................................................................................4

29 U.S.C. § 216(b) ........................................................................................14

29 U.S.C. § 255(a) ..................................................................................17, 18

Fed. R. Civ. P. 56...........................................................................................1

Fed. R. Civ. P. 56(c) .......................................................................................3

Local Rule 56.1 .........................................................................................3, 16

## PRELIMINARY STATEMENT

Plaintiffs are four current employees of the Fire Department of the City of New York ("FDNY") who have held the civil service title of Motor Vehicle Operator ("MVO") at some point since June 21, 2016. Plaintiffs allege that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") because (i) Plaintiffs were not compensated for time allegedly worked, but not reported to FDNY, in excess of their regular shifts ("Off The Clock Claim"); and (ii) Defendant improperly calculated the regular rate of pay ("Regular Rate Claim"). Defendant now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.

First, Defendant is entitled to summary judgment on Plaintiffs' Off The Clock Claims because, as a matter of law, an employer does not suffer or permit work where, as here, the employer (i) establishes procedures for employees to record their time; (ii) asks employees to certify that the time they submit is accurate; and (iii) pays employees for the time reported and certified. Here, Plaintiffs consistently failed to (i) record minutes allegedly worked in excess of their regular schedule as overtime and/or (ii) request overtime compensation for such time, in contradiction to the very certification they signed each week. The record evidence in this case shows that Plaintiffs failed to record minutes allegedly worked in excess of their regular schedule as overtime, and/or request overtime compensation for such time, in contradiction of both FDNY policy and the certification they signed each week when submitting their timesheets

Despite these failures, Plaintiffs now seek to hold Defendant liable for overtime they admittedly never reported as time worked. With respect to Plaintiffs' Off The Clock Claim, it is undisputed that Plaintiffs know that, in order to be paid overtime, they must submit a request for overtime compensation and, in fact, submitted such requests. During the applicable time period, Plaintiffs submitted hundreds of requests for overtime compensation, which amount to

2,782 hours of overtime work reported to Defendant.  Now, after Defendant has relied on the time records submitted by Plaintiffs to pay them for over 2,782 hours of overtime worked and $72,361 in compensation, Plaintiffs contend that they were, allegedly, underreporting their overtime hours. This alleged underreporting – and Defendant's reliance on Plaintiffs' time records – should preclude Plaintiffs from recovering damages.  While Defendant recognizes it has a non-delegable duty to maintain accurate time records, Plaintiffs themselves are the cause of the inaccurate records. Plaintiffs were paid exactly as they requested, and any alleged inaccuracies in Defendant's time records are solely due to Plaintiffs' failure to accurately record the time they purportedly worked.

Second, Defendant is entitled to summary judgment with respect to Plaintiffs' Regular Rate Claims. Plaintiffs allege that Defendant failed to properly calculate the regular rate at which overtime compensation is paid by not including the night-shift differential or vehicle differential payments.  However, Defendant properly included differentials earned by Plaintiffs in the calculation of their regular rate of pay.

Third, Defendant is entitled to summary judgment on their argument that liquidated damages are not recoverable as a matter of law because the record evidence shows that Defendant acted in good faith to comply with the FLSA.  Fourth and finally, Defendant's motion that the statute of limitations should be restricted to two years because the Plaintiffs cannot establish that Defendant's conduct was willful should also be granted.

Given that Plaintiffs have not adduced any admissible evidence in connection with these claims, Defendant respectfully submit that the Court should dismiss these claims with prejudice and find that Plaintiffs are not entitled to liquidated damages or a three-year statute of limitations.

## STATEMENT OF FACTS

The Court is respectfully referred to Defendant's Local Rule 56.1 Statement of Undisputed Material Facts, dated October 14, 2020, ("Def. 56.1"), and the Declaration of Assistant Corporation Counsel Laura C. Williams, dated October 14, 2020, ("Williams Decl."); and the supporting evidence cited to therein.

## ARGUMENT

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party should prevail where it points to an absence of evidence on an issue on which the non-movant bears the burden of proof. See Celotex, 477 U.S. at 322. Although the moving party bears the initial burden to show that there is no genuine issue of material fact, the non-moving party cannot rely in opposition on conclusory allegations or speculation and must set forth specific facts, based on admissible evidence, showing that there is a genuine issue of fact. See Wright v. Coughlin, 132 F.3d 133, 137 (2d Cir. 1998); see also Bickerstaff v. Vassar Coll., 196 F.3d 435, 452 (2d Cir. 1998) ("Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment."); BellSouth Telecomms., Inc., v. W.R. Grace & Co., 77 F. 3d 603, 615 (2d Cir. 1996) (it is insufficient to "merely to assert a conclusion without supplying supporting arguments or facts").

Moreover, not every disputed issue is material. See Affrunti v. Long Island Univ., No. 04-2710-cv, 2005 U.S. App. LEXIS 12372, at *3 (2d Cir. June 22, 2005) (a fact is "material" if it affects the outcome of the suit and an issue is "genuine" only if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party) (internal citations omitted); Forbes v. Lighthouse Int'l, No. 11 Civ. 7065, 2013 U.S. Dist. LEXIS 62454, at *13 (S.D.N.Y. May 1, 2013) ("The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for him.") (citing Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004)).

## POINT I

## PLAINTIFFS' OFF THE CLOCK CLAIM FAILS AS A MATTER OF LAW

As set forth below, Defendant is entitled to summary judgment with respect to Plaintiffs' Off the Clock Claim as a matter of law because it is undisputed that the allegedly uncompensated work time at issue in this case was not reported to the City through its timekeeping system, and therefore, the City did not have the requisite knowledge to establish liability. Further, the record is devoid of any evidence that plaintiff's direct supervisors had any supposed knowledge that plaintiffs were working before their shift or during their meal break without compensation. As such, plaintiffs' Off the Clock claims must be dismissed.

### A.     Defendant's Knowledge of the Performance of Uncompensated Work is a Prerequisite to a Finding of Liability for an Off the Clock Claim

The FLSA requires that employers compensate non-exempt employees with premium overtime pay for any hours worked over 40 in a workweek. See 29 U.S.C. § 207(a)(1). However, in order to be liable for unpaid overtime, the employer must have actual or constructive knowledge that the work was performed. See Kuebel v. Black & Decker Inc., 643 F.3d 352, 361 (2d Cir. 2011) ("To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he or she performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work.");

Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 718 (2d Cir. 2001) (employer liable only if 'knows or has reason to believe that the employee is continuing to work and that work' was 'suffered or permitted' by the employer") (quoting 29 C.F.R. § 785.11).  Indeed, it is common sense that "[a]n employer cannot suffer or permit an employee to perform services about which the employer knows nothing."  See Holzapfel v. Town of Newburgh, 145 F.3d 516, 524 (2d Cir. 1998).

Importantly, an employer may be aware that an employee performed work outside of his normal shift without knowing that the employee performed *uncompensated* work. See White v. Baptist Mem'l Health Care Corp., 699 F.3d 869, 875 (6th Cir. 2012) ("[T]he relevant knowledge is not 'I know that the employee was working,' but 'I know that the employee was working and not reporting his time.'") (quoting Raczkowski v. TC Const. Co., Inc., 8 F.3d 29 (9th Cir. 1993)); Boelk v. AT&T Teleholdings, Inc., No. 12-cv-40-bbc, 2013 U.S. Dist. LEXIS 101111, *17 (W.D. Wis. Jan. 10, 2013) (Plaintiffs' statement that employees "were working through their lunches and breaks" does not establish that supervisor knew employees were working without pay) (citing Kellar v. Summit Seating, Inc., 664 F.3d 169, 177 (7th Cir. 2011) (affirming summary judgment for employer where it knew plaintiff punched in early but not that plaintiff was performing work between the time she punched in and the scheduled start of her shift)).

Knowledge that an employee is working is not enough to establish liability under the FLSA.  Rather, the employer must have knowledge that the employee is working and is also not being paid for such work.  There is absolutely no evidence in the record to demonstrate that Defendant knew Plaintiffs were working in excess of their shifts and not submitting overtime requests to be paid for such work in CityTime.  Indeed, during the time period covering this

-5-

lawsuit, Plaintiffs requested to be paid for 2,782 hours of overtime.  See Erath Decl. ¶ 11(A), Ex. AA.[1]  There is simply no evidence in the record that Defendant knew Plaintiffs were working in excess of 2,700 hours of overtime, and failing to request to be paid for such time.

**B.      As a Matter of Law, an Employer does not have Actual or Constructive Knowledge of Time Spent Working that was Not Reported Pursuant to its Procedures**

Plaintiffs' Off The Clock claim is premised on the idea that they can thwart the City's efforts to comply with the FLSA by not giving notice that they performed uncompensated work outside of their regularly-scheduled shift. But "[w]hen an employer has an established policy for tracking overtime, 'an employer is not liable for nonpayment if the employee fails to follow the established process.'" Grosswiler v. Freudenberg-NOK Sealing Techs., No. 3:14 CV 1551, 2015 U.S. Dist. LEXIS 109592, at *11 (N.D. Ohio Aug. 19, 2015), aff'd, 642 F. App'x 596 (6th Cir. Mar. 2, 2016) (quoting White v. Baptist Memorial Health Care Corp., 699 F.3d 869, 877 (6th Cir. 2012)). As the Sixth Circuit Court of Appeals has explained, "[w]hen the employee fails to follow reasonable time reporting procedures, she prevents the employer from knowing its obligation to compensate the employee and thwarts the employer's ability to comply with the FLSA." White, 699 F.3d at 877 (citing Hertz v. Woodbury County, 566 F.3d 775, 781-82 (8th Cir. 2009); see Newton v. City of Henderson, 47 F.3d 746, 749-50 (5th Cir. 1995); Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414-15 (9th Cir. 1981)).

In so holding, the Sixth Circuit embraced a practical, common sense approach that recognizes that where an employee fails to comply with the employer's efforts to ensure that employees are recording time accurately, the employer cannot be found to have "suffered or permitted" the employee to work:

---

[1] Unless otherwise noted, all references to "Exhibit" or "Ex." herein refer to the exhibits annexed to the Williams Decl., submitted herewith in support of Defendant's Motion for Summary Judgment.

> At the end of the day, an employee must show that the employer knew or should have known that he was working overtime or, better yet, he should report the overtime hours himself. Either way, the employee bears some responsibility for the proper implementation of the FLSA's overtime provisions. An employer cannot satisfy an obligation that it has no reason to think exists. And an employee cannot undermine his employer's efforts to comply with the FLSA by consciously omitting overtime hours for which he knew he could be paid.

White, 699 F.3d at 875-76 (quoting Forrester, 646 F.2d at 414-15 and Wood v. Mid-Am. Mgmt. Corp., 192 F. App'x 378, 381 (6th Cir. Aug. 1, 2006)).

The Sixth Circuit is not alone in holding that employees must comply with an employer's procedures for reporting time, and has been joined by circuit and district courts across the country in denying recovery where an employee fails to identify time worked using a timekeeping system specifically established by the employer for that purpose. See, e.g., Fairchild v. All Am. Check Cashing, Inc., 815 F.3d 959, 965 (5th Cir. 2016) (affirming judgment for employer where employee failed to report her unauthorized overtime in the employer's timekeeping system); Brown v. ScriptPro, LLC, 700 F.3d 1222, 1230-31 (10th Cir. 2012) ("where the employee fails to notify the employer through the established overtime record-keeping system, the failure to pay overtime is not an FLSA violation"); White, 699 F.3d at 877 (affirming summary judgment to employer where the employee was aware of her employer's system for reporting work that fell outside of her normal shift but failed to report such work); Wood, 192 F. App'x at 380-81 (affirming summary judgment for employer where employee failed to report off-the-clock hours using employer's reporting system); Joza v. WW JFK LLC, No. 07-cv-4153 (ENV)(JO), 2010 U.S. Dist. LEXIS 94419, at *33-34 (E.D.N.Y. Sept. 9, 2010) (holding that the employer was unaware of any overtime hours allegedly worked by the employee due to the employee's failure to comply with the employer's overtime reporting and compensation procedures); Seever v. Carrols Corp., 528 F. Supp. 2d 159, 170 (W.D.N.Y. 2007)

(granting summary judgment on the plaintiffs' off-the-clock claims where "it [wa]s undisputed that [the employer's] record-keeping complied with the requirements of the FLSA and New York Labor Law, and that the plaintiffs' time records were maintained and paid exactly as plaintiffs fashioned them, meaning that any inaccuracies in [the employer's] records [we]re *solely due to the plaintiffs' deliberate failure to accurately report the time they worked*.") (emphasis in original).[2] Indeed, the Fifth, Sixth, Seventh, Ninth, and Tenth Circuits all hold that an employer does not have actual or constructive knowledge that uncompensated work was being performed and not recorded because the employees did not report the time, despite the employer's policies permitting them to do so. See Allen v. City of Chicago, 865 F.3d 936 (7th Cir. 2017), aff'g Allen v. City of Chicago, No. C. 3183, 2015 U.S. Dist. LEXIS 165906 (N.D. Ill. Dec. 10, 2015).

While the Second Circuit has not yet taken up this issue, Defendant respectfully submits that this Court should follow the holding of the majority of Circuits, and the Eastern and Western Districts of New York, which have held that when an employee fails to comply with the employer's efforts to ensure that employees are recording time accurately, the employer cannot be found to have "suffered or permitted" the employee to work. This common-sense approach to the FLSA takes in to account the realities of modern workplaces. Many employees can now

---

[2] See also Grosswiler, 2015 U.S. Dist. LEXIS 109592, at *11-12 (awarding summary judgment to employer and dismissing the employees' uncompensated overtime claim where the employees failed to comply with the employer's policy for tracking overtime); Nieddu v. Lifetime Fitness, Inc., 38 F. Supp. 3d 849, 869-70 (S.D. Tex. 2014) (awarding summary judgment to employer on employee's claim for uncompensated overtime where the employee failed to follow the employer's established procedures for claiming overtime compensation); Valcho v. Dallas County Hosp. Dist., 574 F. Supp. 2d 618, 623 (N.D. Tex. 2008) (hospital's policy of placing on its employees the responsibility of reporting the time that they worked was "legally sound.") (citing Wood, 192 F. App'x at 380-81 (dismissing FLSA claim involving employer who required employees to self-report overtime hours, and explaining that the employee "should [have] report[ed] the overtime hours himself")).

perform their work functions from their assigned worksite, their home computers, their cell phones or any combination thereof. As workplaces become more and more decentralized, it is imperative that employers be able to rely on the time records created and submitted by employees without running afoul of the FLSA.

The seminal Second Circuit case on an employer's duty to keep accurate time records is the 1959 decision in Caserta v. Home Lines Agency, Inc., 273 F.2d 943 (2d Cir. 1959). In Caserta, the employer wholly delegated timekeeping responsibilities to the plaintiff and kept absolutely no independent record of the plaintiff's time. Caserta, 273 F.2d at 945. That is not the case here, as the City has developed and implemented an electronic system to maintain time records.

Somewhat more recently, the Second Circuit held that an employer "cannot deny compensation even where the employee fails to claim overtime hours." Holzapfel, 145 F.3d at 524. However, the facts in Holzapfel are critically different from those in this case. In Holzapfel, the plaintiff, a K-9 Police Officer for the Town of Newburgh, was seeking overtime compensation for time he spent caring for his assigned police dog while at home. Id. It was the policy of the Town of Newburgh to only pay K-9 officers for two overtime hours each week. Id. Per this policy the plaintiff filled out his weekly overtime request in advance rather than submitting his actual overtime hours as they occurred. Id. at 520. As such, in Holzapfel the employer allowed employees to only request payment for two hours overtime per week regardless of how many overtime hours they actually worked. For that reason, the Court held that the Town of Newburgh could not escape liability by arguing that the plaintiff failed to claim overtime hours when that failure was due to the Town's own policy restricting overtime to two hours per week.

In contrast, here, Plaintiffs requested overtime contemporaneously, or shortly after it was worked, and there is certainly no pre-determined limit on the number of overtime hours for which Plaintiffs can submit payment.  In fact, it is undisputed Plaintiffs are explicitly and repeatedly instructed to record and request overtime for all hours worked in excess of their shift.  See Def. 56.1 ¶¶ 57-58, 61-63, 70-74.  Despite those undisputed facts, Plaintiffs now want to be paid for time they supposedly worked, but did not report to Defendant.  This is Plaintiffs' position even for days on which they did submit an overtime request. By way of example, if Plaintiff Viera clocked in 30 minutes before his shift began, but only requested 15 minutes of overtime pay, CityTime would: (1) process payment for the 15 minutes of overtime requested; and (2) reflect 15 minutes of "noncompensable time."   In this scenario, Plaintiffs claim that, under Holzapfel, this Plaintiff is entitled to 15 minutes of additional pay, despite the fact that she only requested 15 minutes of overtime. However, the factual underpinnings here are so dramatically different from those in Holzapfel that Plaintiffs should not be permitted to extend its holding to this case.  Further, here, Plaintiffs take no issue with the payment of overtime for work performed after their shift.  Indeed, Plaintiffs make absolutely no claims that they worked after their shift without compensation.

Judge Cote's decision in Edwards v. City of New York is also instructive. See Edwards v. City of New York, No. 08 Civ. 3134 (DLC), 2012 U.S. Dist. LEXIS 68055, *10-11 (S.D.N.Y. May 15, 2012). In that case, the plaintiff correction officers argued that they were denied compensation for overtime they worked, but did not report on their overtime slips.  In granting summary judgment to the City, Judge Cote held:

> [t]he plaintiffs have failed to produce any admissible evidence that the defendant had actual or constructive knowledge of uncompensated overtime work. The plaintiffs were familiar with and utilized the defendant's system for tracking and compensating

overtime; indeed, every deposed plaintiff testified that he or she had submitted overtime slips and received overtime compensation. The majority of deposed plaintiffs each received thousands of dollars in overtime during the limitations period. Some plaintiffs may on occasion have chosen not to submit overtime slips for minutes of overtime worked that did not exceed a certain arbitrary time threshold. That fact, however, is insufficient to impute knowledge to the defendant that the plaintiffs were performing uncompensated overtime work.

Edwards, 2012 U.S. Dist. LEXIS 68055, at *10-11.

Here, as in Edwards, it is undisputed that Plaintiffs were familiar with the CityTime system, they knew how to submit overtime requests and, in fact, did so on hundreds of occasions. See Erath Decl. ¶11(D), Ex. AA; Def. 56.1 ¶¶ 75-76, 79. The law does not require an employer to open an investigation into every timecard submitted by an employee to verify the information the employee records – and certifies – is accurate. And an employee cannot rest his claim on what the employer *could have done* to make sure the employee was accurately reporting his overtime worked. See Newton, 47 F.3d at 749 ("[i]f we were to hold that the City had constructive knowledge that Newton was working overtime because [his supervisor] had the ability to investigate whether or not Newton was truthfully filling out the City's payroll forms, we would essentially be stating that the City did not have the right to require an employee to adhere to its procedures for claiming overtime.").[3]

---

[3] See also Fairchild, 815 F.3d at 965 (computer usage reports were insufficient by themselves to put an employer on constructive notice that an employee was working off the clock); Green v. Federal Express Corporation, 614 F. App'x 905, 908 (9th Cir. 2015) (electronic records reflecting scans of packages were not sufficient to put employer on constructive notice of off-the-clock work); Hertz, 566 F.3d at 781-82, 784 (employer was not required to review its electronic data for payroll purposes to determine whether employees were remotely working off the clock).

**C.     Plaintiffs Failed to Provide Defendant with the Required Notice that They Performed Uncompensated Work**

Plaintiffs seek overtime compensation for time outside of their regular shifts: (i) the time between when they clocked in and their shift started; and (ii) the time during their thirty minute lunch break. But the following facts are not in dispute: (1) employees are paid on a "pay to schedule" system, whereby the default is that they are paid according to their regular shifts, see Def. 56.1 ¶ 31; (2) if employees work hours other than their regular shifts, they must submit requests for overtime compensation in CityTime, see id. ¶¶ 36, 38; (3) Plaintiffs understood that in order to be paid for overtime worked beyond their regular shift, they were required to submit an overtime request in CityTime, see id. ¶¶ 71-73; and (4) Plaintiffs routinely used CityTime to submit requests for overtime compensation, see id. ¶¶ 75-76.  In fact, over 94% of overtime requests collectively submitted in CityTime by Plaintiffs during the time period covering this litigation were approved.  See id. ¶ 77; Erath Decl. ¶ 11(G), Ex. AA.  Plaintiffs also have no claim in this action that they were not properly compensated for all work performed *after* their shift.

Thus, as indicated above, the only unpaid overtime compensation at issue in this case is that which was supposedly performed before their shift and during their meal that Plaintiffs admittedly did not accurately report to the City, despite the fact that they knew how to, and did, submit requests for overtime compensation in CityTime. Def. 56.1. ¶¶ 70-72, 75-76. As in Edwards, Plaintiffs were clearly familiar with the procedure required for requesting overtime compensation, and did not do so. See 2012 U.S. Dist. LEXIS 68055, at *10-11.

Allowing Plaintiffs' claim to proceed would drastically expand the scope of liability under the FLSA beyond anything contemplated by Congress or permitted under Supreme Court precedent, and render implausible any attempt by the City to meet its obligations

under the FLSA in asking its more than 200,000 employees to adhere to a procedure for reporting overtime in order to receive compensation. See Newton, 47 F.3d at 749. Because Plaintiffs failed to accurately record all of their time worked in CityTime, and affirmatively misrepresented that they had done so, Defendant is entitled to summary judgment, and Plaintiffs' Off The Clock claims should be dismissed. See Joza, 2010 U.S. Dist. LEXIS 94419, at *34 ("Other than overtime compensation that might have been due her for overtime work she deliberately chose not to report, Joza was paid every penny of overtime she chose to report and process. Consequently, judgment must be for defendants on all of plaintiff's claims.").

Finally, the record is devoid of any evidence – other than Plaintiffs' conclusory say-so -- that Plaintiffs' supervisors had actual knowledge that plaintiffs were working before their shift or during their meal without compensation.  Notably absent from the record is any testimony from the Plaintiffs' supervisors attesting to this alleged uncompensated work.  As recently noted by Judge Castel, each Plaintiff's "claim turns on individualized, fact-intensive issues, including interactions with specific supervisors, work hours, and the nature of their job tasks."  Murray v. City of N.Y., No. 16-cv-8072 (PKC), 2020 U.S. Dist. LEXIS 22783, at *6 (S.D.N.Y. Feb. 10, 2020).  Here, in the absence of any evidence from Plaintiffs' supervisors, Plaintiffs cannot, as a matter of law, prevail on their Off The Clock claims and therefore Defendant's motion on this claim should be granted.

## POINT II

## PLAINTIFFS' REGULAR RATE CLAIMS FAIL AS A MATTER OF LAW

With regard to the Regular Rate Claims, Plaintiffs allege that Defendant failed to properly calculate the regular rate at which overtime compensation is paid by erroneously excluding the night-shift differential or vehicle-differential payments. This is not so. First,

Plaintiffs have not adduced any admissible evidence that night-shift or vehicle differentials were excluded from the regular rate for calculating overtime. Indeed, Plaintiffs appear to admit that the vehicle differential was included in Plaintiffs' regular rate of pay for the purposes of calculating overtime, and do not attribute any damages to the City's alleged failure to account for vehicle differentials in calculating overtime pay. <u>See</u> Erath Decl. ¶ 11(J), Ex. AA.  Any claims based on the alleged failure to include a vehicle differential in base pay should therefore be dismissed.

Second, as for the night-shift differential: the record is clear that the night-shift differential is included in the employees' regular rate of pay for the purposes of calculating overtime compensation, and Plaintiffs received $8,670 in night-shift differential payments—from a total of 1,573 instances of Plaintiffs' receiving the night-shift differential—during the relevant period.  <u>See</u> Erath Decl. ¶ 11(H), Ex. AA; Def. 56.1 ¶ 78.  Accordingly, Defendant should be granted summary judgment on Plaintiffs' Regular Rate Claims.

**POINT III**

**LIQUIDATED    DAMAGES    ARE    NOT
RECOVERABLE   BECAUSE   DEFENDANT
ACTED IN GOOD FAITH**

If a plaintiff successfully establishes a violation of the FLSA, liquidated damages in an amount equal to the amount of unpaid wages at issue are imposed, *unless* the employer establishes it acted in good faith. <u>See</u> 29 U.S.C. § 216(b). Liquidated damages under the FLSA are not punitive. Rather, federal liquidated damages serve to compensate Plaintiffs for delays in receiving due wages. <u>Herman v. RSR Sec. Servs. Ltd.</u>, 172 F.3d 132, 142 (2d Cir. 1999). To establish that an employer acted with the requisite subjective good faith, the employer must show that it took "active steps to ascertain the dictates of the FLSA and then act[ed] to comply with them." <u>Id.</u>; <u>see also</u> <u>Reich v. S. New Eng. Telecomms. Corp.</u>, 121 F.3d 58, 71 (2d Cir. 1997)

-14-

("'Good faith' in this context requires more than ignorance of the prevailing law or uncertainty about its development. It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them."). Here, Plaintiffs should not be awarded liquidated damages because they have not met their burden of establishing a violation of the FLSA with respect to the Off The Clock and Regular Rate Claims. However, even if this Court finds a question of fact exists sufficient to deny summary judgment, the undisputed material facts show Defendant took active steps to ascertain and comply with the FLSA's requirements, thereby precluding an award of liquidated damages on any claim.

A.      **The City Demonstrated Subjective Good Faith**

In developing CityTime, the City took steps to ensure that it would enable the City's FLSA compliance, including by:

- Providing CityTime training, including self-paced online training, to all employees to ensure that they understood how to make an overtime request and that they were responsible for making all overtime requests in CityTime. See Def. 56.1 ¶¶ 57-63.

- In consultation with counsel, adding a certification to Plaintiffs' weekly timesheets, which was drafted by the City's chief labor and employment law counsel, requiring all employees to certify that the hours recorded on their timesheets are accurate and that they requested overtime for any hours worked outside of their regular schedule. Id. ¶ 54.

- Convening weekly meetings, composed of high-ranking members of OPA, OLR, and the Law Department, to ensure that CityTime is programmed in such a way that it complies with the FLSA.  Id. ¶¶ 96-99; and

- Relying upon the advice of counsel to determine how to calculate the rate at which overtime is paid when employees receive differentials in addition to their salaries.  Id. ¶ 99.

Thus, the record evidence establishes that the City demonstrated subjective good faith in complying with the FLSA, through its reliance on the advice of counsel and internal personnel and labor relations experts in programming CityTime, the inclusion of certification

language, and training employees on CityTime. See McFeeley v. Jackson St. Entm't, LLC, 825 F.3d 235, 245 (4th Cir. 2016) (finding that the employer's consultation with an attorney regarding the employer's compliance under the FLSA, and the employer's subsequent reliance on the attorney's advice, constituted sufficient evidence of good faith to preclude an award of liquidated damages for the time period after the employer's meeting with the attorney); Perez v. Mountaire Farms, 650 F.3d 350, 375-76 (4th Cir. 2011) (affirming lower court's refusal to award liquidated damages because the employer relied on letters and memoranda provided by an outside attorney in implementing the practices that gave rise to the liability under the FLSA); Cross v. Ark. Forestry Comm'n, 938 F.2d 912, 917-18 (8th Cir. 1991) (finding that the employer's reliance on the incorrect advice provided by internal personnel experts established that the employer engaged in a subjective good faith effort to comply with the FLSA); contra Reich, 121 F.3d at 72 (noting the evidentiary record did not support a finding of good faith because "nowhere in [the employer's] briefs does [the employer] contend that it was relying on the advice of informed counsel."); Inclan v. N.Y. Hosp. Grp., Inc., 95 F. Supp. 3d 490, 504 (S.D.N.Y. 2015) (holding that the evidence of the employer's good faith was insufficient because "the record contains no evidence as to the advice of prior counsel nor of whether [the employer] followed that advice").

In a recent decision, this Court declined to award liquidated damages to the plaintiffs, even after a finding of liability, because the evidence adduced demonstrated that the employer's Chief Executive Officer had taken "affirmative steps" to familiarize himself with "developments in labor law," and that these efforts "demonstrate a good faith effort on [the employer]'s part to comply with labor laws." See Williams v. Epic Sec. Corp., 358 F. Supp. 3d 284, 303 (S.D.N.Y. 2019).  Here, as detailed in Defendant's Rule 56.1 Statement, Ms. Pestana

testified at length regarding the affirmative steps she and, in turn, the City took to ensure that the City's pay practices complied with the FLSA.  See Def. 56.1 ¶¶ 96-106.  Such efforts, which went beyond the efforts discussed in Williams, demonstrate an objective good faith effort on the part of the City to comply with the applicable law.

## B.      Defendant's Conduct Was Objectively Reasonable

The undisputed evidence also establishes that Defendant's belief that it was in full compliance with the FLSA was objectively reasonable. While Plaintiffs contend that they were not paid all of the overtime they were allegedly entitled, there is no dispute that nearly every time Plaintiffs requested overtime through CityTime, they were paid for that overtime. Def. 56.1 ¶ 77. Indeed, the evidence demonstrates that over 94% of the overtime requests made by Plaintiffs during the time period relevant to this lawsuit, were approved. Id.; see also Erath Decl. ¶ 11(G), Ex. AA.  It is also undisputed that Plaintiffs were paid for all overtime worked after their shift ended. Further, because CityTime requires Plaintiffs to manually request overtime each time they work outside of their regular shift, it is undisputed that Plaintiffs understood how to make an overtime request in the CityTime system. See Def 56.1 ¶¶ 70-74.  It is likewise undisputed that each Plaintiff certifies on a weekly basis that he or she has requested overtime for all hours worked. Id. ¶¶ 47-56.

Therefore, even if the Court declines to dismiss any of Plaintiffs claims, Defendant is nevertheless entitled to summary judgment on its good faith defense, precluding an award of liquidated damages because the evidence establishes that it engaged in subjective good faith efforts to comply with the FLSA, and that those efforts were objectively reasonable.

## C.      The Statute of Limitations Should be Restricted to Two Years

The FLSA provides for a two-year limitations period that may be extended for one year only where the violation was willful. 29 U.S.C. § 255(a); Herman, 172 F.3d at 141.

That the violation was not willful is not an affirmative defense, and it is, therefore, a plaintiff's burden to prove that the limitations period should be extended. See Parada v. Banco Indus. de Venez., 753 F.3d 62, 71 (2d Cir. 2014).

"[T]o prove a willful violation of the FLSA within the meaning of § 255(a), it must be established that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Parada, 753 F.3d at, 71 (quoting Reich v. Waldbaum, Inc., 52 F.3d 35, 39 (2d Cir. 1995)). Even "[i]f an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful." See id.; see also Padilla v. Sheldon Rabin, M.D., P.C., No. 15-cv-1708, 2016 U.S. Dist. LEXIS 46633, *18-19 (E.D.N.Y. Apr. 6, 2016) ("[N]either an employer's good-faith but incorrect assumption regarding its FLSA obligations, nor an employer's lack of reasonable basis for believing that it was complying with the FLSA, is by itself sufficient to demonstrate an employer's willfulness.") (internal citation omitted). Stated differently, an employer's negligence with respect to compliance is not enough to establish willfulness and a plaintiff must present evidence establishing that the employer affirmatively knew it was violating the FLSA. See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988); see Bowrin v. Catholic Guardian Soc'y, 417 F. Supp. 2d 449, 475 (S.D.N.Y. 2006). Plaintiffs cannot meet that burden here, and Defendants are entitled to the statutory two-year limitations period as a matter of law.

As addressed *supra*, the same evidence that establishes Defendant's good faith efforts to comply with the FLSA precludes a finding that any alleged violations were willful. There is nothing in the factual record showing that Defendant acted in reckless disregard of the law. To the contrary, Defendant took, and continues to take, substantial measures to ensure that it was and is fully compliant with the FLSA. These measures include (i) requiring all employees to

-18-

certify the accuracy of their weekly timesheets and that they have requested overtime compensation for all time worked in excess of their regular schedule; (ii) training employees on the CityTime system, including how to submit requests for overtime and certify the accuracy of timesheets; (iii) approving overtime for all employees, including when it was not pre-authorized as required under City policy; and (iv) consulting extensively with counsel and informed personnel experts to ensure that City employees, including Plaintiffs, are paid in accordance with FLSA. See *supra*, Section III.A.

Therefore, even if this Court does not grant summary judgment as set forth above, the Court should grant summary judgment as to the applicable limitations period, dismissing any claims predating two years from the filing of any respective Plaintiffs' consent to sue. See Kadden v. VisuaLex, LLC, 910 F. Supp. 2d 523, 543 (S.D.N.Y. 2012) (holding that a two year limitations period was automatic given finding that the employer acted in good faith); Bowrin, 417 F. Supp. 2d at 475 (granting motion for summary judgment that a two year limitations period should apply because "Plaintiffs have not presented evidence that [the employer] knew it was violating the FLSA"); DeBejian v. Atlantic Testing Lab., Ltd., 64 F. Supp. 2d 85, 93 (N.D.N.Y 1999) (applying a two year limitations period because "[a]lthough . . . [the employer] did not take sufficient steps to ensure compliance with the FLSA, [it] did make an effort to ascertain whether its policies were in compliance and, therefore, it cannot be said that [the employer] recklessly disregarded whether its conduct violated the FLSA").

## CONCLUSION

**WHEREFORE**, Defendant respectfully requests that this Court dismiss Plaintiffs' complaints in their entirety because they have not adduced evidence demonstrating that Defendant violated the FLSA; in the alternative, grant Defendant's motion for summary judgment on its good faith defense, precluding an award of liquidated damages; in the alternative, grant Defendant's motion for summary judgment and limit all Plaintiffs' claims to the statutory two-year limitations period; and awarding Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 14, 2020

                                       **JAMES E. JOHNSON**
                                       Corporation Counsel of the
                                         City of New York
                                       Attorney for Defendant
                                       100 Church Street, Room 2-102
                                       New York, New York 10007
                                       (212) 356-2435
                                       lawillia@law.nyc.gov

                     By:                  /s/
                                       Laura C. Williams
                                       Assistant Corporation Counsel

TO:     All Counsel of Record (via ECF)