# **EXHIBIT AA**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CHRISTOPHER VIERA, et al.,

                        Plaintiffs,

        -against-

CITY OF NEW YORK,

                        Defendant.

**DECLARATION OF CHRISTOPHER ERATH IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

19 Civ. 5773 (SDA)

------------------------------------------------------------------- x

      **CHRISTOPHER ERATH** declares, pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

      1.    I am a Director at BLDS, LLC in Natick, Massachusetts. BLDS is a consulting firm specializing in the analysis of labor market outcomes. I received a Ph.D. in economics from the University of Wisconsin where my fields of interest included labor economics, econometrics, and industrial organization.

      2.    I submit this declaration in support of Defendant's Motion for Summary Judgment.

      3.    I was retained by counsel for Defendant to analyze the report of Plaintiffs' expert, Dr. Louis Lanier, dated April 2, 2020 and its supporting documents, purporting to estimate damages owed to all Plaintiffs in this matter.

      4.    I drafted a rebuttal expert report, dated April 30, 2020, in response to the April 2, 2020 report submitted by Dr. Lanier.

      5.    To accomplish these tasks, I reviewed electronic data maintained in the City of New York's Financial Information Services Agency's ("FISA") system in the normal course of business (the "FISA Data"). These data reside in several different files including the

(i) Employee Attribute file, which shows, among other things, an employee's dates of employment in a given civil service title; (ii) Pay Detail file, which shows various payments made to employees (including for overtime), the date the payment was earned, the actual number of minutes associated with the payment, and the date on which the payment was made; and (iii) Leave Accrual File, which shows when payment is made in compensatory time.

6. I also reviewed the Plaintiffs' complete CityTime records, which contain Plaintiffs' self-reported arrival and departure times and overtime requests submitted (the "CityTime Data").

7. In addition, I have reviewed Dr. Lanier's supplemental expert report, dated May 11, 2020, and his second supplemental expert report, dated July 16, 2020.

8. For Plaintiffs in this action, I reviewed Plaintiffs' FISA and CityTime records for the time period beginning three years before that particular Plaintiff filed a consent-to-sue form in this action,[1] through August 3, 2019, or otherwise until the date in which a particular plaintiff was no longer employed as a Motor Vehicle Operator or City Laborer with the City of New York Fire Department ("FDNY") (for each Plaintiff, the "Applicable Plaintiff Period").

9. I was also retained by counsel for Defendant to (i) calculate the total number of overtime payments and total amount of overtime paid to Plaintiffs during the Applicable Plaintiff Period; (ii) determine whether the overtime was paid in cash or compensatory time; (iii) assess how frequently the overtime requests submitted by Plaintiffs

---

[1] It is my understanding that Plaintiffs filed or joined this action on the following dates: June 21, 2019, for Plaintiffs Genadiy Mints, Devin Sparks and Christopher Viera; July 29, 2019, for Plaintiff Carl Graham.

were approved and/or disapproved since the beginning of the Applicable Plaintiff Period; and (iv) assess whether Plaintiffs earned the night shift and/or vehicle differentials.

10. In order to accomplish these tasks, I reviewed the Plaintiffs' available FISA and CityTime data for the Applicable Plaintiff Periods.

11. From my review of the Plaintiffs' FISA and CityTime data, I was able to determine that:

   A. The combined amount of overtime hours submitted to Defendant by Plaintiffs during the Applicable Plaintiff Periods totals 2,782 hours.

   B. The combined amount of cash overtime paid to Plaintiffs by Defendant during the Applicable Plaintiff Periods totals $72,361.

   C. The combined amount of overtime paid in compensatory time to Plaintiffs by Defendant during the Applicable Plaintiff Periods totals 373 hours.

   D. The total amount set forth in 10(B) and 10(C) above was the result of 560 separate instances of overtime compensation.

   E. Of the 560 separate instances of overtime compensation for Plaintiffs, 25 were for periods of work amounting to 30 minutes or less.

   F. Of the 560 separate instances of overtime compensation for Plaintiffs, 7 were for periods of work amounting to 15 minutes or less.

   G. There were 577 requests for overtime compensation submitted by Plaintiffs in CityTime during the Applicable Plaintiff Periods. Of those requests, there were 546 approved requests and 2 disapproved requests. An additional 29 requests show both disapproval and

approval on the same day. Moreover, review of the disapproval comments in some cases shows a problem with the initial request submitted by the Plaintiff. Over 94% of CityTime requests for overtime compensation by Plaintiffs' were approved whether these 29 requests are dropped or counted as approved.

H. During the Applicable Plaintiff Periods, the total amount of night-shift differential payments received by Plaintiffs is $8,670. This figure represents 1,573 separate instances of Plaintiffs receiving the night-shift differential.

I. During the Applicable Plaintiff Periods, the total amount of vehicle differential payments received by Plaintiffs is $11,356. This figure represents 1,333 separate instances of Plaintiffs receiving the vehicle differential.

J. Dr. Lanier attributes no damages to the City's alleged failure to account for vehicle differentials in calculating overtime pay.

K. During the Applicable Plaintiff Periods, all Plaintiffs submitted at least one request and was paid pre-shift overtime.

L. During the Applicable Plaintiff Periods, all Plaintiffs submitted at least one request and was paid post-shift overtime.

M. During the Applicable Plaintiff Periods, the total number of Plaintiffs' pre-shift overtime requests is 276.

N. During the Applicable Plaintiff Periods, the total number of Plaintiffs' post-shift overtime requests is 270.

O. During the Applicable Plaintiff Periods, Plaintiffs Mints and Viera were never eligible for payment of a nightshift differential in their regular rate of pay for purposes of calculating overtime compensation.

Dated: October 14, 2020
      Natick, Massachusetts

By: _____
Christopher Erath